IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Beverly Witmer and Roger E. Witmer Jr., | : | |
|     Plaintiffs, | : | |
| v. | : | Civil Action No.: |
| | : | |
| First Credit Services, Inc., d/b/a | : | |
| Stanley Weinberg & Associates, Inc., | : | |
| and Jay Alan, an individual, | : | |
| Stanley Weinberg, debt collector | : | |
| Frank Russo, President of First Credit | : | |
|     Defendants. | : | |

## COMPLAINT

1. Plaintiffs are individuals residing in the Commonwealth of Pennsylvania, and consumer pursuant to 15 U.S.C. §1692a(3).

2. Defendant First Credit Services, Inc., d/b/a Stanley Weinberg & Assoc., is a business entity engaged in the business of collecting consumer debts, within this Commonwealth, with its principal place of business located at, 800 Springer Drive, Lombard, IL 60148.

3. Defendant Jay Alan and Stanley Weinberg are debt collectors, engaged in the business of collected consumer debts, within this Commonwealth, with its principal place of business located at, 800 Springer Drive, Lombard, IL 60148.

4. Defendant Frank Russo, is the president of First Credit Service, Inc., and directs and controls the collection practices of the defendant corporation, with his principal place of business located at, 800 Springer Drive, Lombard, IL 60148 and One Woodbridge Center, #410, Woodbridge, NJ, 07095.

5. On or about September through January 2007, Defendants contacted Plaintiffs by U.S. Mail and/or telephone calls in an attempt to collect an alleged consumer debt.

6. Defendants are debt collectors as defined by the state law and the FDCPA.  15 U.S.C.

11692a(6).

7. Defendants sent letters and/or made telephone calls to Plaintiffs between September 2006 and December 2006, which are "communications" relating to a "debt" as defined by 15 U.S.C. 11692a(2).

8. At all pertinent times hereto, the Defendants were collecting an alleged debt relating to a consumer transaction, pursuant to 15 U.S.C. § 1692a(5). (Hereinafter the "alleged debt.")

9. Defendants communicated with Plaintiffs on or after one year before the date of this action, in connection with collection efforts, by letters, telephone contact or other documents, with regard to Plaintiffs's alleged debt.

10. Plaintiffs believe and therefore avers that Defendants's letters contained false, misleading, deceptive and/or confusing statements.

11. Plaintiffs believe and therefore avers that agents of Defendants, in its telephone communications made false, misleading, deceptive and/or confusing statements.

12. Plaintiffs believe and therefore avers that agents of Defendants, in its telephone communications, were rude, beligerent, insulting and harassing to the Plaintiffs.

13. Plaintiffs believe and therefore avers that agents of Defendants discussed his alleged debt with a third party, without consent.

14. Plaintiffs disputes the alleged debt and hereby requests proof of the manner in which the alleged debt was calculated, as is required by state and federal law.

15. Defendants failed to make clear to the Plaintiffs that it has no authority to take legal action in Pennsylvania.

16. Agents of Defendants, Mr. Alan, made threats of criminal prosecution, in violation of state and federal law.

17. Agents of Defendants, Mr. Alan, gave legal and financial advice to the Plaintiffs, despite not be licensed to practice law in any state.

18. Plaintiffs believe and therefore avers that Defendants continued to contact Plaintiffs at work despite knowing that Defendants was not permitted to contact Plaintiffs at work.

19. Consumers are hurt by these tactics.

## COUNT I - PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

20. Plaintiffs hereby incorporates the foregoing as if fully stated herein.

21. Jurisdiction for this Action is asserted pursuant to the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §2270 et seq.

22. Violating provisions of the Fair Debt Collection Practices Act also violate the Pennsylvania FCEU, 73 P.S. §2270.4(a).

23. That Defendants engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by FCEU and the regulations, including but not limited to, violations of 37 Pa.Code §§303.3(3), 303.3(14), 303.3(18), 303.6 and 73 P.S. §201-2(4).

24. Defendants's acts as described herein were done with malicious, intentional, willful, reckless, negligent and wanton disregard for Plaintiffs's rights with the purpose of coercing Plaintiffs to pay the alleged debt.

25. As a result of the above violations, Plaintiffs is entitled to statutory, actual, treble and punitive damages and attorney's fees and costs.

**WHEREFORE,** Plaintiffs requests that this Honorable Court issue judgment on Plaintiffs's behalf and against Defendants for a statutory penalty, treble damages, punitive damages, attorney fees and costs pursuant to 73 P.S. 2207.5.

## COUNT II - FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiffs hereby incorporates the foregoing as if fully set forth herein.

27. Jurisdiction for this action is asserted pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), particularly 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

28. Venue lies in this District pursuant to 28 U.S.C. 1391(b).

29. The FDCPA states that a violation of state law is a violation of the FDCPA. 15 U.S.C. §1692n.

30. Plaintiffs believe and therefore avers that Defendants does not have proper assignment of the claim, and is therefore, unable to collect the alleged debt pursuant to 18 Pa.C.S. §7311(a)(1) and (2).

31. Plaintiffs believe and therefore avers that Defendants does not have proper assignments and/or documentation permitting said Defendants to charge interest, fees and/or costs.  18 Pa.C.S. §73112(b)(1).

32. The FDCPA states that a violation of state law is a violation of the FDCPA. 15 U.S.C. §1692n.  Defendants violated this section of the FDCPA.

33. Plaintiffs believe and therefore avers that Defendants added interest, fees and costs in violation of state and federal law.

34. Defendants in its collection efforts, demanded interest, fees and/or costs in violation of the FDCPA, 15 U.S.C. §1692f(1) and 1692e(2)A and B.

35. There was never an express agreement by Plaintiffs to pay any additional fees, cost or interest to Defendants or any of its agents.

36. Defendants repeatedly contacted Plaintiffs at work, despite being repeatedly advised that the Plaintiffs were unable to receive calls at work.

37. Mrs. Witmer specifically informed Mr. Alan that she could lose her job if the Defendants persisted.

38. Defendants repeatedly contacted Plaintiffs, both Mr. and Mrs. Witmer, on cell phones, despite being repeatedly advised that they could not afford for them to continuing using that number.

39. The Plaintiffs gave the Defendants a telephone number to use for contact, the Defendants used work and cell phone numbers instead.

40. There were times when the Defendants contacted Plaintiffs at work, and Plaintiffs's co-workers received the call.

41. During calls to Plaintiffs's place of employment, Defendants's agents were beligerent, rude and inferred that Plaintiffs owed money.

42. The Plaintiffs attempted by telephone and in writing, to obtain validation of the alleged debt, because the amount was incorrect.

43. To date, the Defendants has not validated the alleged debt.

44. The initial communication made by the Defendants was by telephone and during the initial calls to both Mr. and Mrs. Witmer, the Defendants failed to give the required notices under the FDCPA.

45. The FDCPA states, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692f.  Defendants violated this section of the FDCPA.

46. The FDCPA states, a debt collector may not use false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. §1692e(5) and (10), §1692f(8) and §1692j.  Defendants violated these sections of the

FDCPA.

47. Agents of the Defendants discussed Plaintiffs's alleged debt with a third party, without consent.

48. During the course of conversations with agents of the Defendants, Plaintiffs requested information regarding the creditor, amount of the alleged debt and the address of the Defendants.

49. The agent refused to provide the Plaintiffs with the information.

50. To date, no debt collector has been able to validate the alleged debt.

51. The FDCPA states, a debt collector may not discuss the consumers alleged debt with a third party. The Defendants violated this section of the FDCPA.

52. The FDCPA states, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. 15 U.S.C. §1692d. Defendants violated this section of the FDCPA.

53. The FDCPA provides certain rights to the consumer regarding the consumer's right to dispute the alleged debt, 15 U.S.C. §1692g. Defendants violated this section of the FDCPA.

54. Defendants by and through Mr. Alan, made false threats of criminal prosecution.

55. Defendants by and through Mr. Alan, gave legal and financial advise, despite the fact that Mr. Alan is not licensed to practice law in any state.

56. Any threat of litigation is false if the Defendants rarely, sues consumer debtors or if the Defendants did not intend to sue the Plaintiffs. <u>Bently v. Great Lakes Collection Bureau</u>, 6 F.3d 62 (2d Cir. 1998). See also, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10).

57. The Defendants violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the

imminence of legal action by Defendants.

58. The Defendants violated 15 U.S.C. § 1692c(b) by contacting a third party, without the Plaintiff's prior consent.

59. The Defendants violated 15 U.S.C. § 1692c by contacting the Plaintiff after the Plaintiff had requested the Defendants cease communication with the Plaintiff.

60. The Defendants violated 15 U.S.C. §1692e(11) by failing to provide the consumer with the proper warning, "this is an attempt to collect a debt, any information obtained will be used for that purpose," during the initial telephone communications and in subsequent communications.

61. Defendants violated 15 U.S.C. §1692g, by failing to provide the consumer with the proper validation notice within five days of the initial communication.

62. Defendants violated 15 U.S.C. §1692g by demanding payment without providing the proper consumer warnings, thus, defendants overshadowed the FDCPA.

63. Defendants violated 15 U.S.C. §1692e(7) by implying, during the course of the conversation, that the consumer was in "trouble with the law," and/or "committed theft."

64. Defendants violated 15 U.S.C. §1692e(15) by using a name other than the true name of the debt collectors business.

65. Defendants violated 15 U.S.C. §1692f, by threatening and/or filing suit without proper legal authority in Pennsylvania.

66. Defendants violated 15 U.S.C. §1692d(2) by using profane and abusive language towards the consumer.

67. Defendants violated 15 U.S.C. §1692d(5) by causing the phone to ring and engaging the consumer in repeated conversations.

68. Defendants violated 15 U.S.C. §1692d(6) by making telephone calls without disclosing his/her identity.

69. Defendants violated 15 U.S.C. §1692b(2) by communicating with third parties regarding the alleged debt, without the consent of the consumer.

70. Defendants violated 15 U.S.C. §1692b(3) by communicating with persons other than the Plaintiff more than one time, without consent and without the consent of the Plaintiff.

71. The Defendants violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendants.

72. The Defendants violated 15 U.S.C. § 1692c(b) by contacting a third party, without the Plaintiff's prior consent.

73. The Defendants violated 15 U.S.C. § 1692c by contacting the Plaintiff after the Plaintiff had requested the Defendants cease communication with the Plaintiff.

74. At all time pertinent hereto, the Defendants was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

75. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants, and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

76. The above mentioned acts with supporting cases demonstrates that the conduct of Defendants rises to the level needed for punitive damages.

77. Defendants, in its collection efforts, violated the FDCPA, *inter alia*, Sections 1692, b, c, d, e, f, g, h, and/or n.

78. Defendants, in its collection efforts, used false or deceptive acts and intended to oppress

and harass Plaintiffs.

79. That, as a result of the wrongful tactics of Defendants as aforementioned, Plaintiffs has been subjected to anxiety, harassment, intimidation and annoyance for which compensation is sought.

**WHEREFORE,** Plaintiffs respectfully requests that his Honorable Court enter judgment for Plaintiffs and against Defendants and issue an Order:

(A) Award Plaintiffs statutory damages in the amount of One Thousand Dollars ($1,000.00) for each violation of the FDCPA or each separate and discrete incident in which Defendants have violated the FDCPA.

(B) Award Plaintiffs general damages and punitive damages for anxiety, harassment, and intimidation directed at Plaintiffs in an amount not less than Ten Thousand Dollars ($10,000.00), as well as the repetitive nature of Defendants form letters.

C) Award Plaintiffs costs of this litigation, including a reasonable attorney's fee at a rate of $450.00/hour for hours reasonably expended Plaintiffs's attorney in vindicating his rights under the FDCPA, permitted by 15 U.S.C. §1692k(a)(3).

(D) Award declaratory and injunctive relief, and such other relief as this Honorable Court deems necessary and proper or law or equity may provide.

## COUNT III - FAIR CREDIT REPORTING ACT

80. Plaintiffs hereby incorporates the foregoing as if fully set forth herein.

81. The Fair Credit Reporting at, 15 U.S.C. §1681b prohibits the improper use of a consumer's credit information.

82. Plaintiffs believe and therefore avers that the Defendants reported false, misleading and/or inaccurate information on Plaintiffs's credit report, without first validating the

alleged debt.

83. Plaintiffs believe and therefore avers that the Defendants reviewed Plaintiffs' credit report without proper authority or assignment of the alleged debt.

**WHEREFORE,** Plaintiffs respectfully requests that his Honorable Court enter judgment for Plaintiffs and against Defendants and issue an Order:

(A) Award Plaintiffs statutory damages in the amount of One Thousand Dollars ($1,000.00) for each violation of the FCRA or each separate and discrete incident in which Defendants have violated the FCRA. 15 U.S.C. §1681n(a)(1)(A).

(B) Award Plaintiffs general damages and punitive damages for anxiety, harassment, and intimidation directed at Plaintiffs in an amount not less than Ten Thousand Dollars ($10,000.00), as well as the repetitive nature of Defendants form letters.

C) Award Plaintiffs costs of this litigation, including a reasonable attorney's fee at a rate of $450.00/hour for hours reasonably expended Plaintiffs's attorney in vindicating his rights under the FDCPA, permitted by 15 U.S.C. §1681n(3)C).

Dated: 4/25/07                By:   /s/Deanna Lynn Saracco
                              Deanna Lynn Saracco, Attorney for Plaintiffs
                              76 Greenmont Drive, Enola, PA 17025
                              Telephone 717-732-3750
                              Fax 717-728-9498
                              Email: SaraccoLaw@aol.com